# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DILLAN C. FAHS. | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:18-0079 |
| v. | : | (JUDGE MANNION) |
| SGT. GERALD SWIFT, | : | |
| Defendant | : | |

## MEMORANDUM

## I. Background

Dillan C. Fahs, an inmate presently confined in the State Correctional Institution, Huntingdon (SCI-Huntingdon), Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. §1983. (Doc.1). On September 28, 2018, the Plaintiff filed an amended complaint. (Doc. 31). The only named Defendant is Sgt. Gerald Swift. Id. Plaintiff alleges that Defendant Swift used excessive force during a confrontation with Plaintiff on January 28, 2017. Id. For relief, Plaintiff seeks compensatory and punitive damages. Id.

On August 9, 2019, Defendant Swift filed a motion for summary judgment, arguing, *inter alia*, Plaintiff failed to properly exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a). (Doc. 41). Plaintiff failed to file a brief in

opposition to Defendant's motion for summary judgment or request an enlargement of time within which to do so.

By Order dated January 16, 2020, this Court directed Plaintiff to file a brief in opposition to Defendant's motion for summary judgment. (Doc. 42). The Court's Order noted that generally, a dispositive motion may not be granted merely because it is unopposed, but when a Plaintiff fails to prosecute an action or fails to comply with a court order, the Court may dismiss the action pursuant to Fed.R.Civ.P. 41(b). Id. Thus, the Court ordered Fahs to file a brief in opposition to Defendant's motion for summary judgment on or before January 30, 2020, or risk dismissal pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute this action. Id. To date, Plaintiff has failed to respond to this Court's January 16, 2020 Order by filing a brief in opposition to Defendant's pending motion for summary judgment. Nor has he requested an extension of time to do so. In fact, Fahs has not filed anything in this action since the filing of his September 28, 2018 amended complaint. Thus, the Court concludes that Fahs has abandoned this action, and after considering the relevant factors, will dismiss the above captioned action for Plaintiff's failure to prosecute.

## II. Discussion

If the plaintiff fails to prosecute a case or to comply with court rules or court orders, pursuant to Fed.R.Civ.P. 41(b), the Court may dismiss the action. Even though dismissal is an available sanction, it is a drastic sanction that "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982). Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). But that discretion, while broad, is governed by the following factors, commonly referred to as Poulis factors, which the Court must balance in deciding whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868. No single factor is dispositive, Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008), and each factor need not be satisfied for the court to dismiss an action, Ware v. Rodale Press, Inc., 322 F.3d 218, 221

(3d Cir. 2003). In this case, an assessment of the Poulis factors weighs heavily in favor of dismissing this action.

The first Poulis factor is the extent of the party's personal responsibility. A *pro se* litigant is personally responsible for failure to comply with the Court's rules and orders. In this case, Fahs is proceeding *pro se,* and so he is responsible for his failure to file a brief in opposition to the pending motion for summary judgment, as required by the Local Rule and as ordered by the Court. In sum, Fahs is responsible for his failure to comply with the court rules and court orders, and he is also responsible for his failure to litigate this case.

The second Poulis factor is prejudice to the adversary. Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Scarborough v. Eubanks, 747 F.2d 871, 876 (3d Cir. 1984). Prejudice for purposes of the Poulis analysis, however, does not mean irremediable harm. Ware, 322 F.3d at 222. "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. In this case, Fath's failure to litigate this case and comply with court rules and court orders frustrates

and delays resolution of this action, and so, such failure to litigate can be seen to prejudice the Defendant, who seeks a timely resolution of the case.

The third Poulis factor is a history of dilatoriness. While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" Briscoe, 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994). A "party's problematic acts must be evaluated in light of [his] behavior over the life of the case." Id. at 875. In this case, Fahs has a history of dilatoriness. He failed to file a brief in opposition to the pending motion for summary judgment. Moreover, he failed to do so even though the Court ordered him to do so. In fact, Plaintiff has not communicated with the Court since the filing of his amended complaint on September 28, 2018.

The fourth Poulis factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." Adams, 29 F.3d at 875. Here, Fahs was ordered to file a brief in opposition to the motion for summary judgment, but he did not do so. Nor has he communicated with

the Court in any manner for over a year. Fahs' silence and failure to litigate this action lead to an inference that he has willfully abandoned this case.

The fifth Poulis factor is the effectiveness of alternate sanctions. Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. Poulis, 747 F.2d at 868. Fahs is proceeding *pro se*, and there is no evidence to support a reasonable inference that he would be able to pay monetary sanctions. Therefore, monetary sanctions, including attorney's fees and costs, would not be an effective sanction in this case. Moreover, Fahs' failure to prosecute this action even in the face of an order to show cause leads to an inference that further orders to him would not be effective. In this case, no sanction short of dismissal would be effective.

The sixth Poulis factor is the meritoriousness of the claim. In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. Poulis, 747 F.2d at 870. It is unlikely that Plaintiff's claims will succeed as he failed to exhaust administrative remedies.[1] See Pozoic v. Cumberland County Prison, 2012

---

[1] Defendant's undisputed statement of facts reveal that following the encounter with Department staff on January 28, 2017, Plaintiff was issued two misconducts and pled guilty to the charge of "refusing to obey an order." (Doc. 40). Plaintiff filed a grievance complaining about Sgt. Swift's actions
*(footnote continued on next page)*

WL 114127 (M.D.Pa.2012) (in analyzing the sixth Poulis factor, this Court states that it could not find that the complaint would be successful on the merits because the plaintiff failed to exhaust administrative remedies before bringing his claim. The complaint was dismissed pursuant to Rule 41(b)), citing Smith v. Pa. Dep't of Corr., 2011 WL 4573364 (W.D. Pa. 2011) ("Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies."). Consequently, the Poulis factors weigh heavily in favor of dismissing Plaintiff's complaint for failure to prosecute.

---

on March 31, 2017. Id. As his mother had reported that Plaintiff was the victim of abuse, an extension was taken to respond to the grievance, so the Department could investigate the claims. Id. The investigation was finalized on June 2, 2017, and Lt. Francis denied Plaintiff's grievance on June 19, 2017. Id. Plaintiff was advised that he could still file an appeal of the grievance denial. Id. Plaintiff chose not to file an appeal. Id. To that end, the Department of Corrections (DOC) has published DC-ADM 804 to govern the procedures related to inmate grievances. The procedure contemplates several layers of review. Id. To the extent that Plaintiff's grievance was denied, his remedy was to file an appeal to the Facility Manager, and from there, he was to appeal to the Secretary's Office of Inmate Grievances and Appeals (SOIGA) for a final review. Id. The uncontested record demonstrates that Plaintiff failed to appeal his grievance to final review, thus failing to exhaust administrative remedies prior to bringing the above captioned action. Ross v. Blake, —— U.S. ——, 136 S. Ct. 1850, 1856, 195 L.Ed.2d 117 (2016) (holding that the PLRA "mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions"); ; see Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.").

III. **Conclusion**

Despite being ordered to respond to the Defendant's motion for summary judgment, Plaintiff failed to respond. Defendant's motion is therefore deemed unopposed. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for a plaintiff's failure to comply with procedural rules or orders of the court. This Court specifically directed Plaintiff to file a brief in opposition to Defendant's motion for summary judgment, but he failed to comply. All of the Poulis factors weigh in favor of dismissing Plaintiff's complaint for failure to prosecute.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: March 13, 2020**
18-0079-01